```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

|                              |   |                    |
|------------------------------|---|--------------------|
| **DOMINGOS CORREIA,**        ) |   |                    |
|         Plaintiff,           ) |   |                    |
|                              ) |   | **Civil Action No.** |
|         v.                   ) |   | **21-10029-NMG**   |
|                              ) |   |                    |
| **CARL LAUNFREY, et al.,**   ) |   |                    |
|         Defendants.          ) |   |                    |

                              **ORDER**

**GORTON, J.**

Pro se litigant Domingos Correia brings this action in which he alleges that four individuals stole money from him and breached a housing contract for a property in Cambridge, Massachusetts.  Because the Court lacks subject matter jurisdiction over Correia's claims, the Court will dismiss this action without prejudice.

A court has an obligation to inquire sua sponte into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).  "The existence of subject-matter

jurisdiction 'is never presumed.'" Id. (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)).  Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established."  Id.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship[1] and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").

Here, subject matter does not exist under § 1331.  Correia does not identify, nor can the Court discern, and claim arising under federal law.

Further, jurisdiction does not exist under § 1332 because the parties are not "diverse," or, in other words, domiciled in different states.  When Correia filed this action, he provided addresses in Revere, Massachusetts for himself and the defendants.  Nothing in the complaint, the amended complaint, or Correia's notice of change of address (in which he represents that he now lives in Saugus) suggests that all the defendants

---

[1] In this context, state "citizenship" refers to the state in which a party is domiciled.  It does not refer to the country in which a party has citizenship.

are domiciled in a state different than the state in which he is domiciled.

In the absence of any claim arising under federal law or complete diversity of citizenship between the parties, the Court lacks subject matter jurisdiction over this action and must dismiss the case.  This dismissal does not preclude Correia from bringing an action in the appropriate state court, should he decide to do so.  The Court takes no position whether Correia should pursue relief in state court.

Accordingly, for the reasons stated above, the Court DISMISSES this case without prejudice for lack of subject matter jurisdiction.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated: 10/5/2022